Shaun A. Sullivan (SBN 278516)
The Sullivan Defense
2445 Fifth Ave., Ste. 330
San Diego, CA 92101
Telephone: (760) 327-1529

Attorney for Roberto Carlos Galeana-Guatemala

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# (HONORABLE CATHY ANN BENCIVENGO)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO CARLOS GALEANA-GUATEAMALA,<br><br>Defendant | Case No. 3:25-cr-04733-CAB<br><br>**Honorable Cathy Ann Bencivengo**<br>**Date: January 23, 2026**<br>**Time: 10:30 am**<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

## I.
## Factual Background

On November 12, 2025, the government arrested Roberto Carlos Galeana-Guatemala (hereinafter Mr. Galeana-Guatemala) for Title 18:111(a)(1) and (b); 18:111(a)(1) and (b); 8:1326 - Assault on a Federal Officer; Attempted Assault on a Federal Officer; Deported Alien Found in the United States and on December 11, 2025, the Court arraigned Mr. Galeana-Guatemala where he entered a not guilty plea.

## II.
## Motion to Compel Discovery

Defendant moves for the production by the government of the following discovery materials and for the preservation of evidence. This request is not limited to those items known to the prosecutor. Rather, it includes all items listed below that are in the custody,

control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) & (B). The Advisory Committee Notes to the 1991 amendments to Rule 16 make clear that the Government must reveal all of the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Recordings. The defense also specifically requests production of all arrest reports, notes, video or audio recordings, and dispatch of any other recordings that relate to the circumstances surrounding his arrest or any questioning, if such reports and recordings have not already been produced in their entirety. This request includes, but is not limited to, any rough notes, records, reports, transcripts, video or audio recording, or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) & (B) and Brady v. Maryland, 373 U.S. 83 (1963). Arrest reports, investigator's notes, memos from arresting officers, video or audio recordings, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are subject to discovery under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2, and Fed. R. Crim. P. 12(h). See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved); see also United States v. Anderson, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming Harris' holding). Preservation of rough notes is requested, whether or not the government deems them discoverable.

(3) *Brady* Material. Defendant requests all documents, statements, agents' reports,

and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(4) Any Information That May Result in a Lower Sentence Under The Guidelines. As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, to a determination of the defendant's criminal history, or to any other application of the Guidelines.

(5) Any Information That May Result in a Lower Sentence Under 18 U.S.C. § 3553. After United States v. Booker, 543 U.S. 220 (2005), the Guidelines are merely advisory and federal sentencing is governed by 18 U.S.C. § 3553, which requires a judge to consider "any information about the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). This broad range of judicial discretion, combined with the mandate that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," 18 U.S.C. § 3661, means that any information whatsoever may be "material . . . to punishment," Brady, 373 U.S. at 87, whether or not the government deems it discoverable.

(6) The Defendant's Prior Record. Evidence of prior record is discoverable under Fed. R. Crim. P. 16(a)(1)(D). Counsel specifically requests that the copy be complete and legible.

(7) Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant

3

requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(8) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

(9) <u>Request for Preservation of Evidence</u>. The defense specifically requests that all video, audio, or dispatch recordings or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, the results of any fingerprint analysis, alleged narcotics, the defendant's personal effects, the vehicle, and any other evidence seized from the defendant, or any third party. It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

(10) <u>Tangible Objects</u>. The defense requests, under Fed. R. Crim. P. 16(a)(1)(E), the opportunity to inspect, copy, and/or test all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings and places, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

(11) <u>Evidence of Bias or Motive to Lie</u>. The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(12) <u>Impeachment Evidence</u>. Defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>. <u>See</u>, <u>e.g.</u>, <u>United States v. Kohring</u>, 637 F.3d 895, 905 (9th Cir.2011) (e-mails, memoranda, police reports, handwritten notes, and file regarding ongoing investigation into government witness); <u>United States v. Price</u>, 566 F.3d 900, 903 (9th Cir.2009) (information respecting

4

witness's arrests, not convictions); Gonzalez v. Wong, 667 F.3d 976, 981 (9th Cir. 2011) (reports prepared by prison psychologists undermining credibility of government witness); United States v. Alvarez, 358 F.3d 1194, 1206–07 (9th Cir. 2004) (exculpatory and impeachment material from probation officer's files).

(13) Evidence of Criminal Investigation of Any Government Witness. The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. See United States v. Kohring, 637 F.3d 895, 905 (9th Cir.2011); United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

(14) Evidence Affecting Perception, Recollection, Ability to Communicate. Defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. Brady.

(15) Witness Addresses. The defense requests the name and last known address of each prospective government witness. See United States v. W.R. Grace, 526 F.3d 499 (9th Cir. 2008) (en banc); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979), overruled on other grounds by Luce v. United States, 469 U.S. 38 (1984) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

(16) Names of Witnesses Favorable to the Defendant. The defense requests the name of any witness who made any arguably favorable statement concerning the defendant, any witness who could not identify him, and any witness who was unsure of his identity or participation in the crime charged. Brady v. Maryland, 373 U.S. 83 (1963).

(17) Statements Relevant to the Defense. The defense requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982), overruled in part on other

grounds by Huddleston v. United States, 485 681 (1988). This includes Grand Jury transcripts relevant to the defense motion to dismiss the indictment.

(18) Jencks Act Material. The defense requests all material to which the defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including video, audio, or dispatch recordings. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963).

(19) *Giglio* Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(20) Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the defendant requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(21) *Henthorn* Material. The defendant requests that the prosecutor review the personnel files of the officers involved in his arrest, and those who will testify, and produce to him any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. This includes all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and/or interrogation of defendant. See United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). In addition, he requests that if the government is uncertain whether certain information is to be turned over pursuant to this

6

request, that it produce such information to the Court in advance of the trial and the motion hearing for an in-camera inspection.

(22) Informants and Cooperating Witnesses. The defense requests disclosure of the names and addresses of any informants or cooperating witnesses used or to be used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The defense also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include any and all inducements, favors, payments, or threats made to the witness to secure cooperation with the authorities.

(23) Expert Witnesses. Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the defendant requests a written summary of the expert testimony that the government intends to use at trial, including a description of the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

(24) Residual Request. The defense intends by this discovery motion to fully invoke the defendant's rights to discovery possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Defendant requests that the government provide him and his attorneys with the above requested material sufficiently in advance of trial.

### III.
### Motion to Order the Government to Preserve All Physical Evidence Obtained

Mr. McCabe respectfully requests the Court order that the government retain, preserve and prevent from destruction, all evidence seized in this case (Including any videotapes, audiotapes, cash, fingerprint evidence, narcotics, vehicle(s), electronic devices and their date, notes, cell phones, cell phone data, electronic date, computers, or any other physical items seized) so that counsel may have the opportunity to view and re test them and have its own expert examine them if necessary.

The defense also requests that the government retain and provide addresses of any witnesses or confidential sources. Again, this request specifically includes all audio and video recorded of any activity related to this case – at any time during the investigation of this case and the dates included within the charging document.

## IV.
## Motion for Leave to File Additional Motions

Defense counsel may need to file further motions after a full review of discovery and independent investigation is done. As new information surfaces due to the government providing discovery in response to these motions, or because of defense investigation, the defense will likely find it necessary to file more substantive motions, or to supplement existing motions with additional facts. The denial of this request will result in a violation, at a minimum, of Mr. Galeana-Guatemala's Fifth and Sixth Amendment rights. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery and future case investigation.

## V.
## Conclusion

Mr. Galeana-Guatemala respectfully requests that the Court grant his motions.

DATED: January 1, 2026.                    Respectfully submitted,

                                           /s/ *Shaun A. Sullivan*
                                           **Shaun A. Sullivan**
                                           For Roberto Carlos Galeana-Guatemala